UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
PIKEVILLE

CIVIL ACTION NO. 05-137-PEP

JEANETTE WRIGHT,                                        PLAINTIFF,


V.                    **MEMORANDUM OPINION**
                      **AND ORDER**


JO ANNE B. BARNHART,
Commissioner of Social Security,                       DEFENDANT.


I.  INTRODUCTION

Plaintiff, Jeannette Wright, has brought this action under 42 U.S.C. § 405(g) to challenge a final decision of the Defendant Commissioner denying Plaintiff's application for a period of disability, disability insurance benefits, and supplemental security income.  This matter has been referred to the undersigned for decision and entry of final judgment by virtue of the parties' consent pursuant to 28 U.S.C. § 636(c)(1).  Now ripe for decision on the parties' motions for summary judgment, and for the reasons set forth herein, Plaintiff's motion for summary judgment shall be denied, Defendant Commissioner's motion for summary judgment shall be granted, and Judgment shall be entered affirming the final decision of the Defendant Commissioner.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her application for a period of disability, disability insurance benefits, and supplemental security income on June 23, 2003.  (Tr. 50-52, 297-299.) The claim was denied initially and on reconsideration.  (Tr. 28-31, 33-35, 301-304.) At Plaintiff's request, an administrative hearing, with Administrative Law Judge James D. Kemper Jr. (hereinafter "ALJ") presiding, was conducted on August 18, 2004.  (Tr. 306-333.)  Plaintiff, accompanied by her attorney, testified at the hearing. (Id.)  Also testifying was vocational expert Donald J. Woolwine (hereinafter "VE"). (Id.)

On November 26, 2004, the ALJ issued an adverse administrative decision. (Tr. 10-19.)  The ALJ found that Plaintiff was not disabled and therefore did not qualify for a period of disability, disability insurance benefits, or supplemental security income.  (Id.)  The Appeals Council declined to review the ALJ's decision (Tr. 6-8) and Plaintiff now seeks judicial review.

Plaintiff was forty-four years old at the time of the administrative decision.  (Tr. 14.)  She has a twelfth grade education and her past relevant work experience consists of employment as a cashier/clerk, claims adjuster, and billing clerk.  (Tr. 64, 68, 74, 160.)

At the outset, the ALJ found that Plaintiff met the disability insured status

requirement for a period of disability and disability insurance benefits under the Social Security Act, see generally 20 C.F.R. §§ 404.130-404.132, and was insured for benefits through November 26, 2004. (Tr. 18.) At the first step of the sequential evaluation process, see generally 20 C.F.R. §§ 404.1520, 416.920, the ALJ found that Plaintiff had not engaged in substantial gainful activity since June 16, 2003, the alleged onset date of disability. (Tr. 18.) At the second step, the ALJ found that Plaintiff's degenerative disc disease of the lumbar spine and obesity were severe impairments within the meaning of the Regulations, see 20 C.F.R. §§ 404.1520(c), 416.920(c). (Tr. 18.) However, the ALJ found that Plaintiff's cardiovascular deficiency, adjustment disorder, and pain associated with mild cervical spine degenerative changes were non-severe impairments, see 20 C.F.R. §§, 404.1521, 416.921. (Tr. 15.) At the third step, the ALJ found that Plaintiff's medically determinable impairments did not meet or medically equal an impairment in the Listings, see generally 20 C.F.R. pt. 404, subpt. P, app. 1. (Tr. 19.)

At the fourth step, the ALJ found that Plaintiff's past relevant work as a cashier, billing clerk, and claims adjuster[1] did not require the performance of work-related

---

[1] The VE testified that Plaintiff's previous employment as a claims adjuster and billing clerk was classified as sedentary work and that Plaintiff's previous employment as a cashier/clerk was classified as light medium work. (Tr. 328.)

3

activities precluded by Plaintiff's residual functional capacity (hereinafter "RFC")[2]. (Tr. 19.)  The ALJ therefore concluded that Plaintiff was capable of performing her past relevant work, see 20 C.F.R. §§ 404.1560(b)(1), 416.960(b)(1).  (Tr. 19.) Accordingly, the ALJ found Plaintiff not disabled at step four of the sequential evaluation process.  See 20 C.F.R. §§ 404.1520(f), 416.920(f).

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner on April 1, 2005.  (Tr. 6-8.) Plaintiff thereafter filed this action.  By virtue of the parties' stipulations of consent (Record No. 6), this matter is before the undersigned for decision upon the parties' motions for summary judgment (Record Nos. 11 and 14), which are now ripe for review.

### III. ANALYSIS

#### A.  General Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence.  42 U.S.C. § 405(g); Abbott v. Sullivan, 905 F.2d 918, 922 (6th Cir. 1990); see also Jones v. Sec'y of

---

[2] An RFC is the assessment of the claimant's maximum remaining capacity to perform work related activities despite the physical and mental limitations caused by the claimant's disability.  20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); see also Hickey-Haynes v. Barnhart, 2004 U.S. App. LEXIS 25567 at *20 (6th Cir. Dec. 1, 2004); Brown v. Comm'r of Soc. Sec., 2001 U.S. App. LEXIS 708 at *11 (6th Cir. Jan. 12, 2001).  In the instant case, the ALJ determined that Plaintiff had the RFC to perform a full range of medium work.  (Tr. 19.)

4

Health & Human Servs., 945 F.2d 1365, 1368-1369 (6ᵗʰ Cir. 1991).  Substantial evidence is "such evidence as a reasonable mind shall accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight.  Garner v. Heckler, 745 F.2d 383, 388 (6ᵗʰ Cir. 1984).

Furthermore, the Commissioner's findings are not subject to reversal merely because substantial evidence exists in the record to support a different conclusion. "Substantial evidence exists when a reasonable mind could accept the evidence as adequate to support the challenged conclusion, even if that evidence could support a decision the other way." Casey  v. Sec'y of Health & Human Servs., 987 F.2d 1230, 1233 (6ᵗʰ Cir.1993); see also Her v. Comm'r of Soc. Sec., 203 F.3d 388, 389-90 (6ᵗʰ Cir. 1999).  The substantial evidence standard presupposes that there is a "zone of choice" within which the Commissioner may proceed without interference from the courts.  Mullen v. Bowen, 800 F.2d 535, 545 (6ᵗʰ Cir. 1986).  If the Commissioner's decision is supported by substantial evidence, a reviewing court must affirm.  Kirk v. Sec'y of Health & Human Servs., 667 F.2d 524, 535 (6ᵗʰ Cir. 1981), cert. denied, 461 U.S. 957 (1983); Studaway v. Sec'y of Health & Human Servs., 815 F.2d 1074, 1076 (6ᵗʰ Cir. 1987).  Finally, "[t]he court may not try the case de novo nor resolve conflicts in evidence, nor decide questions of credibility."  Bradley v. Sec'y of Health &

5

Human Servs., 862 F.2d 1224, 1228 (6th Cir. 1988) (citing Gaffney v. Bowen, 825

F.2d 98, 100 (6th Cir.1987)).

     B.  Plaintiff's Contentions on Appeal and Analysis

     On appeal to this Court, Plaintiff's sole claim of error is that the ALJ should

have recontacted Wilma Leslie, a family nurse practitioner employed in the office of

Plaintiff's treating physician, to inquire into the availability of additional information.

From May 7, 1998 to August 16, 2004, Plaintiff was under the medical care of Dr.

Debra K. Hall and Nurse Leslie.  (Tr. 219-272, 281-296.)  The treatment records

received from Dr. Hall and Nurse Leslie include progress notes, diagnostic and

laboratory tests results, and assessments of Plaintiff's ability to perform work-related

activities.  On August 25, 2003 and August 16, 2004, Nurse Leslie completed two

medical assessments of Plaintiff's physical ability to perform work-related activities.[3]

(Tr. 221-222, 281-284.)  The ALJ accurately summarized these assessments as an

---

     [3] The Court notes that missing from the administrative record are two pages of Nurse Leslie's
first assessment.  (See Tr. 221-222.)  Generally, meaningful review of the ALJ's decision
necessitates that the Commissioner file an accurate and complete transcript of the record as required
by 42 U.S.C. § 405(g).  However, under the circumstances, those being that the ALJ accurately
summarized Nurse Leslie's mostly work prohibitive opinion and that the Court is in possession of
a complete copy of Nurse Leslie's second and most recent assessment, meaningful review is not
precluded in this case despite the minor gap in the record.  See Reinhart v. Schweiker, 590 F. Supp.
78, 83 n. 3 (W.D. Mich. 1984); see also Ward v. Heckler, 786 F.2d 844, 848 (8th Cir. 1986); Andres
v. Bowen, 870 F.2d 453, 455-456 (8th Cir. 1989).

opinion that Plaintiff was limited to less than sedentary work.[4]  (Tr. 17.)  Nurse Leslie's assessments were afforded little weight by the ALJ.[5]  (Id.)  The ALJ found that the assessments were inconsistent with the overall medical record and unsupported by objective medical findings.  (Id.)

Plaintiff argues that rather than rejecting Nurse Leslie's assessments, the ALJ should have recontacted Nurse Leslie to inquire into the availability of additional information.  On the subject of an ALJ's obligation to recontact a medical source, the Relevant Regulations provide:

> When the evidence we receive from your treating physician or psychologist or other medical source is *inadequate for us to determine whether you are disabled*, we will need additional information to reach a determination or a decision.  To obtain the information, we will take the following actions.
> We will first recontact your treating physician or psychologist or other medical source to determine whether the additional information we need is readily available.  We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

---

[4] Nurse Leslie opined that Plaintiff could lift and/or carry a maximum of ten pounds, that Plaintiff could frequently lift and/or carry a maximum of five pounds, that Plaintiff could only stand and/or walk two to three hours in an eight hour workday, and that Plaintiff could only sit two to four hours in an eight hour workday.  Nurse Leslie also opined that Plaintiff could never climb, balance, stoop, crouch, kneel, crawl, reach, handle, push, or pull.  In addition, Nurse Leslie opined that Plaintiff would require hourly unscheduled breaks and that Plaintiff's absenteeism would exceed four days per month.  (Tr. 221-222, 281-284.)

[5] It appears that the ALJ was under the misapprehension that the assessments were completed by Plaintiff's treating physician, Dr. Hall.  (See Tr. 17.)

7

We may do this by requesting copies of your medical source's records, a new report, or a more detailed report from your medical source, including your treating source, or by telephoning your medical source.

20 C.F.R. §§ 404.1512(e)(1); 416.912(e)(1) (emphasis added).  Although the Sixth Circuit has yet to delineate the exact nature of an ALJ's obligation to recontact a medical source under 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1)[6], the consensus from decisions in other circuits is that in order for a claimant to obtain a remand on the basis of a failure to recontact, it must be demonstrated that: (1) the records of the medical source are inconclusive or otherwise inadequate for the purposes of rendering a disability determination; (2) considered in its entirety, the medical evidence in the record is insufficiently developed; and (3) failure to recontact the medical source resulted in prejudice to the claimant.  See Thomas v. Barnhart, 278 F.3d 947, 958 (9th

---

[6] In Persell v. Sec'y of Health & Human Servs., a Sixth Circuit decision, the claimant sought a remand on the basis of an ALJ's failure to recontact under 20 C.F.R. § 404.1512(e)(1).  1994 U.S. App. LEXIS 26840 at *9-10 (6th Cir. Sept. 21, 1994).  However, the argument was summarily rejected because the portion of the Regulation relating to the duty to recontact was promulgated by amendment to the Regulation six months after the administrative decision.  Id.  Other than reciting some of the language in the Regulation, the Persell decision does not establish an exact showing that a claimant must make in order to obtain a remand for a failure to recontact under 20 C.F.R. § 404.1512(e)(1).  Furthermore, the decision does not address the threshold requirement of inadequacy.  Littlepage v. Chater, another Sixth Circuit decision confronted with an ALJ's obligation to recontact under 20 C.F.R. § 404.1512(e)(1), is similarly unhelpful.  1998 U.S. App. LEXIS 688 (6th Cir. Jan. 14, 1998.)  In Littlepage, the Court held that the duty to recontact was not triggered when an ALJ discounted unsupported medical conclusions of a claimant's treating physician.  Id at *10.  The Littlepage decision stands only for the proposition that a medical assessment containing unsupported medical conclusions is not necessarily inadequate for purposes of 20 C.F.R. § 404.1512(e)(1).  The Littlepage decision does not otherwise establish a showing that a claimant must make in order to obtain a remand for a failure to recontact under 20 C.F.R. § 404.1512(e)(1).

8

Cir. 2002); <u>Gallegos v. Barnhart</u>, 2003 U.S. App. LEXIS 21674 at *3 (9th Cir. Oct. 22, 2003); <u>Newton v. Apfel</u>, 209 F.3d 448, 453, 458 (5th Cir. 2000); <u>White v. Barnhart</u>, 287 F.3d 903, 908 (10th Cir. 2002); <u>Garcia v. Barnhart</u>, 2005 U.S. Dist. LEXIS 19579 at *4 n. 3 (E.D. Pa. Sept. 6, 2005); <u>Washington v. Barnhart</u>, 2005 U.S. Dist. LEXIS 4835 at *19-20 (E.D. Pa. Mar. 25, 2005); <u>Pearson v. Barnhart</u>, 2005 U.S. App. LEXIS 11354 at *14 (E.D. Tex. May 23, 2005); <u>Kindle v. Barnhart</u>, 2005 U.S. Dist. LEXIS 3797 at *19-21 (E.D. Tex. Jan. 24, 2005); <u>Bodin v. Barnhart</u>, 2004 U.S. Dist. LEXIS 27384 at *13, 17 (E.D. Tex. Aug. 11, 2004); <u>Frost v. Barnhart</u>, 2004 U.S. Dist. LEXIS 8062 at *35-36 (D. Me. May 7, 2004); <u>Reed v. Apfel</u>, 1999 U.S. Dist. LEXIS 18432 at *44-45 (S.D. Ala. Oct. 28, 1999).  Where courts have issued  remands on the basis of an ALJ's failure to recontact a medical source, the medical evidence in the record was manifestly incomplete or the medical report was itself inconclusive. <u>See</u> <u>Newton</u>, 209 F.3d at 458 (ALJ faced with an incomplete medical history); <u>Robinson v. Barnhart</u>, 248 F. Supp. 2d 607, 628 (S.D. Tex. 2003) (treating physician's numerous handwritten progress notes were difficult to read).[7]

---

[7] A few courts have expanded the applicability of 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) to include situations where an ALJ rejects the opinion of a medical source because of internal inconsistencies or a lack of objective findings. <u>See</u> <u>McDonald v. Barnhart</u>, 1998 U.S. Dist. LEXIS 4783 at *19 (N.D. Tex. Mar. 31, 1998); <u>Cleveland v. Apfel</u>, 99 F. Supp. 2d 374, 380 (S.D.N.Y. 2000); <u>Corey v. Barnhart</u>, 2002 U.S. Dist. LEXIS 7146 at *15-16 (S.D. Ind. Mar. 14, 2002).  These cases, however, are in the minority and inconsistent with the plain language of the Regulations.  It is true that the Regulations provide that the medical source will be contacted if the report contains a conflict, ambiguity, or lacks support from objective findings.  However, the requirement for

Therefore, Plaintiff must first demonstrate that Nurse Leslie's assessments were inconclusive or otherwise inadequate for the purposes of rendering a disability determination. Simple rejection of the opinion by the ALJ is insufficient because "it is not the rejection of the . . . opinion that triggers the duty to recontact the physician; rather it is the inadequacy of the evidence the ALJ receives . . . that triggers the duty." White, 287 F.3d at 908 (internal quotations and signals of alterations omitted). Differently put, "[t]he duty to [recontact] is triggered when the evidence is insufficient to make an *informed* determination, not when the evidence is insufficient to make a *favorable* determination." Pearson, 2005 U.S. App. LEXIS 11354 at *14 (emphasis in original).

In the instant case, the basis for attaching little weight to Nurse Leslie's assessments were their inconsistency with the overall medical record and their lack of support from objective medical findings, not their inconclusiveness or inadequacy for the purposes of rendering a disability determination. Plaintiff does not argue that the ALJ could not have made an informed disability determination on the basis of Nurse Leslie's assessments. Essentially, Plaintiff's argument is that where an ALJ attaches diminished weight to the opinion of a medical source because of some

---

additional information is triggered only when the evidence is inadequate to make a determination regarding the claimant's disability. See 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1); see also Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002); Gallegos v. Barnhart, 2003 U.S. App. LEXIS 21674 at *3 (9th Cir. Oct. 22, 2003); White v. Barnhart, 287 F.3d 903, 908 (10th Cir. 2002).

deficiency in that opinion, in this case its inconsistency with the record and its lack of support from objective medical findings, the ALJ must first attempt to cure the deficiency by recontacting the medical source.  That, however, is not the standard.[8]  The plain language of 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) and the bulk of the case law interpreting the Regulations indicate that the duty to recontact is triggered only when the report from the medical source is inadequate to the point of rendering an informed disability determination on the basis of that report impossible.  See Thomas, 278 F.3d at 958 (holding that absent a finding that the evidence from the treating source is inadequate to make a disability determination, disagreement with or discrediting of a treating physician's report is insufficient to trigger the obligation to recontact); Garcia, 2005 U.S. Dist. LEXIS 19579 at *4 n. 3 (holding that obligation to recontact was not triggered when the ALJ discounted a report from a treating source because of internal inconsistencies).

Plaintiff does not allege that an informed determination could not have been

---

[8] Plaintiff's position is also at odds with the regulatory framework for the treatment of opinion evidence.  On the basis of certain factors, for instance supportability and consistency, the Regulations direct an ALJ to add or diminish the amount of weight afforded to a particular opinion. See 20 C.F.R. §§ 404.1527(d), 416.927(d).  ALJs are, therefore, entitled to consider opinion evidence in light of these factors in determining the amount of weight to attach a particular opinion. It would be somewhat nonsensical for the Regulations on the one hand to direct an ALJ to consider supportability and consistency in determining the amount of weight to attach to a particular opinion, and on the other hand to require an ALJ to recontact the treating physician for clarification or additional information whenever the conditions for attaching diminished weight are satisfied.

made on the basis of Nurse Leslie's assessments.  In fact, the assessments closely resemble physical RFC assessments completed by State agency medical consultants, reports that ALJs consider and rely upon on a regular basis.

Secondly, even if Plaintiff could demonstrate that Nurse Leslie's assessments were inconclusive or otherwise inadequate for the purposes of rendering an informed disability determination, Plaintiff fails to allege that the record was otherwise insufficiently developed.  As discussed above, decisions from other circuits have held that in order for a claimant to obtain a remand on the basis of an ALJ's failure to recontact under 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1), it must be demonstrated that the administrative record was insufficiently developed for the purposes of rendering a disability determination.  See Gallegos, 2003 U.S. App. LEXIS 21674 at *3 (finding no obligation to seek clarification regarding possible inconsistencies where sufficient evidence existed in the record to make a determination regarding disability); Newton, 209 F.3d 448 at 453 (holding that the existence of other medical opinions in the record that are based on personal examination or treatment of the claimant eliminates the obligation to recontact); Bodin, 2004 U.S. Dist. LEXIS 27384 at *13 (the threshold question of whether the existing evidentiary record was inadequate for making an informed disability determination was answered in the negative where the record contained voluminous medical evidence spanning several

years); <u>Frost</u>, 2004 U.S. Dist. LEXIS 8062 at *35-36 (holding that the duty to recontact was not triggered where an adequate record existed by which the ALJ could decide the case). This interpretation is consistent with Social Security Ruling 96-2p, which provides that "[o]rdinarily, development should not be undertaken for the purposes of determining whether a treating source's medical opinion should receive controlling weight if the case record is otherwise sufficiently developed." SSR No. 96-2p, 1996 SSR LEXIS 9, *10-11 (Soc. Sec. Admin. 1996).[9]

In the instant case, Plaintiff does not allege that the medical evidence in the record was inadequate for the purposes of rendering a disability determination. The record in this case is in fact fairly ample as it contains physical therapy records, the assessment of a neurologist, emergency room records, a physical RFC assessment and a psychiatric review completed by State agency medical consultants, two consultative examination reports, treatment notes from Plaintiff's treating physician and Nurse Leslie, and various tests, including an EKG, stress testing, MRI of the cervical spine, lumbar spine, and brain, X-ray of the chest, and an echocardiogram. (Tr. 164-272.)

Lastly, Plaintiff fails to allege any prejudice. Remand is appropriate only where

---

[9] Unlike Statutes and Regulations, Social Security rulings do not have the force or effect of law. <u>Heckler v. Edwards</u>, 465 U.S. 870, 874 (1984); <u>Garcia v. Sec'y of Health & Human Servs.</u>, 46 F.3d 552, 557 (6th Cir. 1995). However, Social Security Rulings are the Agency's official interpretation of the Regulations and are, therefore, entitled to substantial deference unless plainly erroneous or inconsistent with the Regulations. <u>See Wilson v. Comm'r of Soc. Sec.</u>, 378 F.3d 541, 549 (6th Cir. 2004).

a claimant demonstrates prejudice from an ALJ's failure to recontact the medical source and request additional information or clarification. See Newton, 209 F.3d 448 at 458; Pearson, 2005 U.S. App. LEXIS 11354 at *15; Reed, 1999 U.S. Dist. LEXIS 18432 at *44. As stated by the Supreme Court, where "remand would be an idle and useless formality," courts are not required to "convert judicial review of agency action into a ping-pong game." NLRB v. Wyman-Gordon Co., 394 U.S. 759, 766 n. 6 (1969). In the instant case, Plaintiff has not proffered evidence that would have been produced had the ALJ recontacted Nurse Leslie. In the absence of such proffer, this Court cannot determine whether the failure to recontact Nurse Leslie, even if in violation of 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1), resulted in prejudice to Plaintiff.

In summary, Plaintiff does not allege that Nurse Leslie's assessment was inconclusive or otherwise inadequate for the purposes of rendering a disability determination. Nor does Plaintiff allege that the record was insufficiently developed. Additionally, Plaintiff does not contend that there is any evidence that could have altered the adverse administrative decision and that would have been produced had the ALJ recontacted Nurse Leslie. Therefore, in this case, the ALJ's obligation to recontact a medical source under 20 C.F.R. §§ 404.1512(e)(1), 416.912(e)(1) was not triggered.

The essential issue on appeal to this Court is whether the ALJ's decision finding Plaintiff not disabled is supported by substantial evidence.  <u>Abbott</u>, 905 F.2d at 922; <u>see also</u> <u>Jones</u>, 945 F.2d at 1368-69.  In the instant case, substantial evidence exists in the record to support the ALJ's finding that Nurse Leslie's assessments were inconsistent with the record and unsupported by objective medical findings.  Results of EKG, stress testing, X-ray of the chest, MRI of the brain, and echocardiogram were entirely normal.  (Tr. 176, 178, 183, 242, 247.)  MRI of the cervical spine revealed only mild degenerative disk disease without evidence of herniation or stenosis.  (Tr. 246.)  Moreover, although an MRI of the lumbar spine revealed significant degeneration at the L5/S1 level, there was no evidence of disk herniation or stenosis. (Tr. 171.)  As the ALJ correctly determined, the weight of the medical evidence in the record simply does not support Nurse Leslie's work prohibitive assessments.

## IV.  CONCLUSION

The ALJ's decision finding Plaintiff not disabled is supported by substantial evidence in the record.  The fact that some of the evidence in the record may support a contrary conclusion is insufficient grounds for reversal.  See <u>Casey</u>, 987 F.2d at 1233; <u>Her</u>, 203 F.3d at 389-90.  Therefore, for the reasons set forth above,

IT IS ORDERED HEREIN AS FOLLOWS:

(1)     Defendant Commissioner's motion for summary judgment (Record No.

15

14) is hereby GRANTED.

(2)     Plaintiff's motion for summary judgment (Record No. 11) is hereby DENIED.

(3)     Judgment be entered affirming the Commissioner's decision, dismissing this action with prejudice, and directing that this action be stricken from the Court's docket.

Signed January 18, 2006.

Signed By:

*Peggy E. Patterson*   PEP

**United States Magistrate Judge**

Date of Entry and Service:

16